UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM THIMIOGIANIS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:10 CV 820 RWS |
| TROY STEELE, | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner William Thimiogianis. The Court referred this matter to United States Magistrate Judge Lewis M. Blanton for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On July 31, 2013, Judge Blanton filed his recommendation that petitioner's habeas petition should be denied.

Petitioner objects to the Report and Recommendation. I have conducted a de novo review of all matters in the file relevant to the objections. Petitioner first contends that Judge Blanton erred in concluding that he was not entitled to relief on Ground 1 of his petition. In his objections, petitioner restates the arguments he made in support of his habeas petition. Having reviewed the file, I agree that petitioner is not entitled to habeas relief on Ground 1of his petition for the same

reasons stated by Judge Blanton in his Report and Recommendation. Judge Blanton correctly applied the governing law to the facts of petitioner's case and correctly concluded that the Missouri courts' ruling that petitioner was not denied a fair and impartial juror was not contrary to, or an unreasonable application of, clearly established federal law. I am overruling petitioner's objection to Judge Blanton's determination of Ground 1 of his habeas petition.

In his objections to Judge Blanton's determination that Ground 2 involves only state law and is not cognizable in these proceedings, petitioner argues for the first time that the trial court's use of an alternate juror also violated his sixth amendment right to a fair and impartial jury. Even if petitioner had properly raised this argument in his habeas petition -- which he did not -- it would still be denied as procedurally defaulted since it was not raised on appeal.[1] As petitioner offers no grounds to excuse the procedural default of this alleged claim, it is procedurally barred and does not entitle petitioner to any relief. I am overruling petitioner's objection to Judge Blanton's determination of Ground 2 of his habeas petition.

---

[1] A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994). For a claim to be fairly presented to state court, a habeas petitioner must assert the same factual grounds and legal theories in the state court proceeding as he asserts in his federal habeas petition. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996). In state court — as in the instant habeas petition — petitioner only argued that seating the alternate juror violated Missouri law.

Petitioner also objects to Judge Blanton's findings on Grounds 3 and 4 of his habeas petition, which raise ineffective assistance of counsel claims. In his objections, petitioner restates the arguments he made in support of his habeas petition. Having reviewed the file, I agree with Judge Blanton's Report and Recommendation that counsel was not ineffective in his questioning of the venirepanel, for failing to object to alleged juror misconduct, or for failing to move for a mistrial during the deliberation process. Judge Blanton correctly applied the governing law to the facts of petitioner's case and correctly concluded that petitioner is not entitled to habeas relief. Petitioner's objection that the state court decision and Judge Blanton's Report and Recommendation are internally inconsistent is meritless and misstates the holdings in both opinions. Because I agree with Judge Blanton's analysis, I am overruling petitioner's objections and adopting Judge Blanton's Report and Recommendation on all grounds of the petition.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or

the issues deserve further proceedings.  Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)).  Because petitioner has not made such a showing, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on July 31, 2013 [#13] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#16] are denied.

**IT IS FURTHER ORDERED** that Petitioner William Thimiogianis' Petition for Writ of Habeas Corpus [#1] is denied.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2013.